Irina Roller (IR 0177)
Attorney for Plaintiffs
Law Offices of Irina Roller, PLLC
40 Wall Street – 28th floor
New York, NY 10005
(212) 688-1100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————————x
C.M. individually and on behalf of his child G.M., a minor,

                                        Plaintiffs,                    23-cv-_____

        -against -                                         **COMPLAINT**


NEW YORK CITY DEPARTMENT OF EDUCATION,
                                        Defendant.
—————————————————————————x


        Plaintiffs, C.M. individually and on behalf of his child, G.M. a minor, by their attorneys, Law Offices of Irina Roller, PLLC as and for their Complaint against defendant, THE NEW YORK CITY DEPARTMENT OF EDUCATION ("DOE"), allege and state the following:

        FIRST: Plaintiff's child is a minor child with learning disabilities, and at all relevant times plaintiffs reside within New York City, who are entitled to all rights, entitlements, and procedural safeguards mandated by applicable law and statutes including, but not limited to, the Individuals with Disabilities Education Improvement Act ("IDEIA"), 20 U.S.C. §§ 1400, et seq.; the federal regulations governing the IDEIA; Article 89 of the New York State Education law; and Part 200 of the New York State Education Commissioner's Regulations.

        SECOND: At all relevant times, all plaintiffs and/or defendant have resided and/or continue to reside within the County of New York.

        THIRD: Plaintiffs, though known to defendant, are not expressly named herein by their given names or specific address because of the privacy guarantees provided by the IDEIA, as well as in the Family Education Rights Privacy Act, 20 U.S.C. § 1232g and 34 C.F.R. Part 99. Upon

1

the request of this Court, plaintiffs are prepared to disclose plaintiffs' identities *in camera*.

FOURTH: Defendant, upon information and belief, is a duly constituted school district organized under the laws of the State of New York and is the "local educational agency" charged with the obligation to provide minor plaintiff herein with a free and appropriate public education ("FAPE").

## NATURE OF THE ACTION

FIFTH: This action is filed pursuant to the IDEIA, 20 U.S.C. § 1415, and follows a trial on behalf of the plaintiffs that resulted in an Impartial Hearing Officer's ("IHO") decision, on the merits, in plaintiffs' favor.

SIXTH: This action is filed to secure statutory attorneys' fees and costs that plaintiffs should be awarded in this fee application action, and in the underlying proceedings, as the plaintiffs are the "prevailing party" pursuant to the express fee-shifting provisions of the IDEIA, 20 U.S.C. § 1415(i)(3).

## JURISDICTION AND VENUE

SEVENTH: This court has jurisdiction over this action pursuant to 20 U.S.C. §§ 1415(i)(2) and (3), 34 C.F.R. §§ 300.516 and 300.517, 28 U.S.C. §§ 1331 and 1367 without regard to the amount in controversy. Venue is proper in that plaintiffs and/or defendant reside in or are situated within this judicial district.

## FACTUAL BACKGROUND

EIGHTH: Pursuant to the IDEIA statute, as well as the New York State Education Law, all school agencies within the State are required to offer eligible students with disabilities a special education program and services that are tailored to meet the individual needs of each child with a disability.

NINTH: On or about October 22, 2019, plaintiffs, C.M. individually and on behalf of his child G.M., a minor, initiated a due process proceeding, case no. 190286, against defendant in order to obtain reimbursement and/or funding of tuition for G.M.'s enrollment at the Windward School ("Windward") including the cost of a paraprofessional, reimbursement for private evaluations, payment or issuance of Related Service Authorizations ("RSA") for the cost of in-school and at-home related services,  special education transportation and costs and fees based upon defendant's failure to provide G.M. with a FAPE for the 2019-20 school year.

TENTH: Following a trial, in a 22-page Findings of Fact and Decision ("FOFD") dated April 28, 2020, Impartial Hearing Officer Edgar DeLeon, Esq. issued an Order for case no. 190286, based upon an analysis of the three-prong "Burlington-Carter" test in which the IHO found:

a)  Defendant, DOE failed to meet their burden on prong I. The DOE failed to offer a Free Appropriate Public Education to the student for the 2019-20 school year.

b)  Plaintiffs satisfied Prong II by demonstrating that the Windward School was at all times relevant and an appropriate school placement for G.M. for the 2019-20 school year.

c)  Prong III, also known as the "equities", favored plaintiffs, and there were no equitable considerations which would reduce the award of full reimbursement.

ELEVENTH:  The impartial hearing officer's Findings of Fact and Decision dated April 28, 2020 ordered defendant to reimburse C.M. and/or directly pay the cost of the G.M.'s tuition at the Windward school and issue RSAs and/or directly pay the cost of the student's in-school and at-home related services for the 2019-20 school year and also conduct a re-evaluation of the student in all areas of his suspected disabilities not evaluated within the last two years  and the Committee on Special Education shall forthwith reconvene after the completion of the student's evaluations and consider all of the student's evaluations and any other relevant information and produce a new Individualized Education Plan ("IEP") for the student's 2020-2021 school year.

3

TWELFTH:    As a consequence of the favorable, unappealed FOFD, Plaintiffs qualifies as a "prevailing party" within the meaning of the IDEIA, 20 U.S.C. § 1415(i)(3) in case no. 190286.

THIRTEENTH: Under the IDEIA fee-shifting provisions, plaintiffs must be awarded reasonable attorney's fees and other recoverable costs for legal services rendered at the trial related to G.M.'s education for the 2019-20 school year in the amount of approximately $25,000.00.

FOURTEENTH: Plaintiffs are also entitled to an award of attorney's fees and related to filing costs and disbursements associated with this action in an amount to be set by the Court, and presently in the amount of approximately $1,500.00.

## PROCEDURAL REQUIREMENTS

FIFTEENTH: Plaintiffs repeat, reiterate and reaffirm each and every allegation set forth above as if fully set forth herein.

SIXTEENTH: Plaintiffs have exhausted their administrative remedies, as attorney's fees and related costs may not be recovered at the administrative level and must be adjudicated and determined by the federal court, absent an agreement by the parties.

SEVENTEENTH: This action on behalf of all plaintiffs is timely brought based on the applicable three-year statute of limitations.

EIGHTEENTH: As a consequence of the favorable, un-appealed administrative decision, referenced above, all plaintiffs qualify as "prevailing parties" within the meaning of the IDEIA, 20 U.S.C. § 1415(i)(3).

NINETEENTH: Under the IDEIA fee-shifting provisions, plaintiffs should be awarded reasonable attorney's fees and other recoverable costs for legal services rendered at the administrative level and in connection with this fee application.

4

**RELIEF REQUESTED**

**WHEREFORE,** by reason of the foregoing, this Court should: (a) declare plaintiffs to be the prevailing party; (b) fix and award plaintiffs' statutory attorney's fees and related costs and disbursements from the administrative proceedings in an amount not less than $25,000.00; (c) award plaintiffs the attorney's fees and related filing costs and disbursements associated with this action in an amount to be set by the Court, and presently in the amount of approximately $1,500.00; and (d) award plaintiffs such other and further relief as this Court deems fair and just.

Dated:  New York, New York
          April 21, 2023

Respectfully submitted,

__s/Irina Roller_____
Irina Roller (IR 0177)
Law Offices of Irina Roller, PLLC
*Attorney for Plaintiffs*
40 Wall Street – 28th floor
New York, NY 10005
(212) 688-1100
Email: *Hearings@RollerEsq.com*

5